### ZINDEL v. FINCK.

(Supreme Court, Appellate Term. January 21, 1910.)

PRINCIPAL AND AGENT (§ 72*)—CONVERSION BY AGENT.

Where plaintiff engaged defendant to purchase a home for him, and to obtain a title policy, and gave him money with which to obtain a title policy, and defendant obtained no policy for plaintiff, an action will lie for conversion.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 148, 149; Dec. Dig. § 72;* Trover and Conversion, Cent. Dig. § 70.]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Peter Zindel against John Finck.  Judgment for defendant, and plaintiff appeals.  Reversed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Jerome C. Lewis, for appellant.

Warren McConihe, for respondent.

PER CURIAM.  Action in conversion.  Plaintiff applied to defendant to purchase a house for him, and intrusted defendant with all the money.  He did not even attend the closing.  Among the cash given by plaintiff to defendant was $175 for a title policy.  The defense sought to show that plaintiff had his dealings with a man in Finck's office, who did not represent Finck.  The evidence is perfectly clear that this is a subterfuge.  Undoubtedly Finck got all of plaintiff's money in this transaction.  It is demonstrable from the record that no title policy was given to plaintiff.  Without discussing other serious questions in the case, the judgment for defendant must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J.  I concur in the view that the authority of the agent was sufficiently shown, but I dissent on the ground that there has been only a breach of contract, and no conversion.